5 F.3d 1505
NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
 Kristy Lyn GAMACHE, by her mother and next friend, Madeline
A. GAMACHE, Petitioner,
v.
SECRETARY OF THE DEPARTMENT OF HEALTH AND HUMAN SERVICES, Respondent.
 No. 93-5098.
 United States Court of Appeals, Federal Circuit.
 Aug. 11, 1993.
 
 Before ARCHER, RADER, and SCHALL, Circuit Judges.
 PER CURIAM.
 
 
 1
 On behalf of her daughter Kristy Lyn Gamache, petitioner-appellant Madeline A. Gamache (Petitioner) appeals from the judgment of the United States Court of Federal Claims denying her claim for compensation under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. Secs. 300aa-1 to 300aa-34. We affirm.
 
 DISCUSSION
 
 2
 * Petitioner alleged that Kristy Lyn Gamache suffered an encephalopathy and residual seizure disorder, with initial manifestation within three days of a DPT (diphtheria, pertussis, and tetanus) vaccination which she received at the age of four months. Petitioner also alleged that her daughter suffered an encephalopathy and residual seizure disorder as a result of the vaccination. Thus, in the Court of Federal Claims, petitioner asserted both a claim based upon the Vaccine Injury Table, 42 U.S.C. Sec. 300aa-11(c)(1)(C)(i), and a causation-in-fact claim, 42 U.S.C. Sec. 300aa-11(c)(1)(C)(ii)(I).
 
 
 3
 Before the special master, petitioner offered as evidence her daughter's medical records, her baby book, various affidavits, and the expert testimony of Dr. Paul A. Carpentier. Respondent offered expert testimony from Dr. Max Wiznitzer.
 
 
 4
 On July 16, 1992, the special master issued a decision denying petitioner's claims. As far as the Table claim was concerned, the special master stated that "the only evidence of encephalopathy under the aids to interpretation of the Vaccine Act was prolonged screaming and inconsolable crying.... Under the statute, screaming and crying in and of themselves are not conclusive evidence of encephalopathy." The special master also pointed to the fact that Kristy Lyn Gamache's seizure disorder did not manifest itself until sixteen months after the DPT inoculation. The special master also concluded that there was insufficient evidence to support the causation-in-fact claim. In her decision, the special master stated that she found Dr. Wiznitzer's opinion more credible than Dr. Carpentier's because the former had extensive experience as a pediatric neurologist.
 
 
 5
 On January 6, 1993, the Court of Federal Claims affirmed the special master's decision. Following the entry of judgment, Petitioner appealed.
 
 
 6
 Our standard of review in Vaccine Act cases is discussed in Munn v. Secretary of HHS, 970 F.2d 863, 870 (Fed.Cir.1992) ("[W]e may not disturb the judgment of the Claims Court unless we find that judgment to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law."); and Hines v. Secretary of HHS, 940 F.2d 1518, 1524 (Fed.Cir.1992) ("In effect, we review the underlying decision of the special master under the arbitrary and capricious standard of Sec. 300aa-12(e)(2)(B)."). Petitioner argues that both the special master and the Court of Federal Claims failed to appreciate the weight of the evidence supporting her claim and that they did not give adequate consideration to the fact that her daughter's development appeared perfectly normal before she was vaccinated. We disagree. Viewing the record as a whole, including the testimony of Dr. Wiznitzer, we cannot say that the decision of the Court of Federal Claims denying Petitioner's claim was arbitrary or capricious. Petitioner has not met her burden under the statute.